## Case No. 14,573.

### UNITED STATES v. BENNETT.

[Hoff. Land Cas. 281.] [1]

District Court, N. D. California. Dec. Term. 1857.

#### PRACTICE IN EQUITY—CORRECTING DECREE.

Where a decree, through mistake or accident, does not express the judgment of the court, it may be corrected on motion made after the expiration of the term at which it was enrolled.

---

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[Action by the United States against Mary S. Bennett, claiming two tracts of land in Santa Clara county.] This was a motion to amend the decree of confirmation so as to conform to the decree of the board of commissioners.

P. Della Torre, U. S. Atty., and William Blanding, for the motion.

Volney E. Howard, against it.

HOFFMAN, District Judge. When this cause was called in its order on the calendar, the district attorney stated to the court that he had no objection to make to the affirmance of the decree of the board and to the confirmation of the claim. An order confirming the claim was thereupon entered upon the minutes, and the parties were directed to draft the decree and present it to the judge for signature, first submitting it to the district attorney for examination. A draft decree was accordingly presented to the judge, with an endorsement thereon, signed by the district attorney, that the same was correct. It was thereupon signed by the judge without examination, and in entire reliance upon the consent of the district attorney that the decision of the board should be affirmed, and his certificate that the form of the decree was correct.

Notice having been received from the attorney general that the United States would not prosecute the appeal from the decision of the board, and a decree in this court having been made as above stated before the reception of the notice, the district attorney entered into a stipulation and consent that no appeal should be taken from the decree of this court, and that the claimants might proceed as under a final decree. After this stipulation was entered into, it was discovered by the district attorney, that, through error or accident, the description of the land contained in the decree of this court was widely different from that contained in the decree of the board; and that the land confirmed by this court is of larger extent and different situation from that confirmed to the claimants by the board—the claim to which alone he intended to consent should be affirmed, and the United States had consented not further to litigate.

A motion is now made to amend the decree signed by this court, as above stated, so as to make it conform to the decision of the board. It is resisted, on the ground that the term having expired, the court has no power to alter or amend its final decrees. If the application were intended to procure a revision and correction of any errors, either in law or fact, or to change opinions once given, or to obtain a new decision, it would of course be denied. Even if a court had no jurisdiction over the cause, the judgment is binding until reversed on error. [Bank of U. S. v. Moss] 6 How. [47 U. S.] 31. But in this case, so far as the court can be said to

have passed at all upon the questions submitted to it, its judgment and intention were that the decision of the board should be affirmed. It certainly cannot be said to have intended to depart from that decision by confirming to the claimant another and a different tract.

Such was the obvious effect of the first ·order of confirmation directed in open court to be made, and such was supposed to be the effect of the decree signed on the faith of the district attorney's certificate of its correctness. If, then, through accident or the mistake of the district attorney, the decree approved by him and signed by the court does not describe the land which he was willing should be confirmed, and which the court supposed it was confirming, it would seem to present a case of mistake which the court after enrollment has the power to correct. In so doing it makes no new decree, nor does it review or reverse any former judgment, nor make a new decision on points already passed upon. It merely makes the written decree conform to what was in fact the judgment of the court, and enters a ·decree now, such as it intended to enter then.

The case of Marr's Adm'r v. Miller's Ex'r. 1 Hen. & M. 204, is directly in point. In that case a decree was improperly entered at a previous term by the inattention of counsel who drew it. It was sought to be amended on motion. Per Curiam. "The practice of this court heretofore and of the federal courts in this place has been inquired into, and it appears that in all cases where, by mistake, an entry has been made, it has been rectified on motion. And where any error has been committed by the officers of the court, or gentlemen of the bar, it has been corrected on motion. Let the decree be set aside and entered now as it should have been." A similar power appears to have been exercised by Lord Hardwicke, in Kemp v. Squire, 1 Ves. Sr. 205, and in other cases cited ·in the brief on the part of the United States.

On the whole, we think that the case presented is one where the court has the authority to amend its decree; and that a decree should be entered nunc pro tunc affirming the decision of the board, and confirming the claim of the appellees to the land as therein described. It should, perhaps, be observed that it is contended by the counsel for the claimant that the decree entered in this court does not substantially differ from that of the board. It is enough to say that the description of the land is entirely different, and designates boundaries not mentioned either in the original petition of the claimant, or in any of the documents presented by her. It is apparent that the land confirmed by the decree of this court may be different from that confirmed by the board. The possible existence of such a discrepancy would seem to be enough to warrant the amendment of

the decree, so that it may conform to the decision intended to be, as expressed in the decree itself, "in all things affirmed."